IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YURIY B. MANKOVSKIY | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| WORLD SAVINGS BANK, FSB; | ) |
| WORLD SAVINGS BANK, FSB, THE | ) |
| BANK OF NEW YORK MELLON | ) Civil Action No. 1:17-cv-10733 |
| AS TRUSTEE FOR SECURITIZED TRUST | ) |
| WORLD SAVINGS BANK MORTGAGE | ) |
| PASS-THROUGH CERTIFICATES | ) |
| REMIC 15 TRUST, WORLD SAVINGS | ) |
| BANK, FSB; and DOES 1 THROUGH 100 | ) |
| INCLUSIVE, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

<u>NOTICE OF REMOVAL</u>

Defendant Wells Fargo Bank, N.A., successor by merger to Wachovia Bank, N.A., successor by merger to Wachovia Mortgage FSB, f/k/a World Savings Bank, FSB ("<u>Wells Fargo</u>")[1] hereby gives notice pursuant to 28 U.S.C. §§ 1441 and 1446 of the removal of the civil action commenced in the Massachusetts Superior Court, Suffolk County, identified below, involving claims relating to the real property located at 75 Brook Farm Road in West Roxbury, Massachusetts (the "<u>Property</u>").  Wells Fargo denies the allegations contained in the state court pleadings and files this Notice of Removal without waiving any claims, defenses, exceptions, or obligations that may exist in its favor in state or federal court.

---

[1] Incorrectly identified as "World Savings Bank, FSB" in the Complaint.

I.       The Action & Service Of Process.

Wells Fargo is a named defendant in a lawsuit commenced in the Massachusetts Superior Court, Suffolk County, entitled Mankovskiy v. World Savings Bank, FSB, et al., No. 1784CV01094 (the "Action").  See Ex. 1 (Pl.'s Compl.).  Yuriy Mankovskiy ("Plaintiff") served Wells Fargo with his Complaint on or about April 17, 2017.  Removal is timely as this Notice is filed within thirty days of service of the Complaint.

Fed. R. Civ. P. 81(c)(2) allows a defendant to respond to a complaint within the greater of 7 days after removal or 21 days after service of the complaint.  As Plaintiff's Complaint was served on April 17, 2017, the latter calculation provides for the longest response period under the rule.  Therefore, Wells Fargo's response to the Complaint is currently due 21 days after service (i.e., May 8, 2017).  See Fed. R. Civ. P. 81(c)(2).

II.      Pleadings & Notice To State Court.

Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, certified copies of all pleadings, records, orders, and proceedings from the Suffolk Superior Court will be filed with this Court within 28 days of removal.   A copy of the Complaint is attached hereto as Exhibit 1. Contemporaneous with the filing of this Notice, Wells Fargo has given written notice to Plaintiff and has notified the Suffolk Superior Court of this removal.

III.     Statement Of Statutory Basis For Removal.

A.     This Court Has Original Jurisdiction Pursuant To 28 U.S.C. § 1332.

The Court has diversity jurisdiction under 28 U.S.C. § 1332, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  The Action satisfies both prongs of the section 1332 test.

   1.    *The Amount In Controversy Exceeds $75,000.*

Plaintiff's claims arise from and relate to his March 8, 2004 mortgage loan in the original amount of $262,000.00.  In calculating the amount in controversy, the Court should consider the total amount of monetary relief that Plaintiff seeks.  See Dep't of Recreation & Sports v. World Boxing, 942 F.2d 84, 90 (1st Cir. 1991).  Attached as Exhibit B to Plaintiff's Complaint is a copy of the executed mortgage confirming the original amount of the mortgage loan of $262,000.00.  See Ex. 1 (Pl.'s Compl.), at Ex. B; see also Ex. 1 (Pl.'s Compl.), ¶ 25 (identifying face value of loan).   In cases involving foreclosure of a mortgage, courts have held that the amount in controversy is based upon the value of the object of the litigation—i.e., the mortgage loan. See, e.g., McLarnon v. Deutsche Bank Nat'l Trust Co., No. 15-11799, 2015 WL 4207127, at *3 (D. Mass. July 10, 2015); Barbosa v. Wells Fargo Bank, N.A., 2013 WL 4056180, at *5 (D. Mass. Aug. 13, 2013); cf. Richard C. Young & Co. v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004) ("Courts have repeatedly held that the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation."); McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 212 (1st Cir. 2012) ("The face-value-of-the-loan rule, of course, has the advantage of perfect simplicity . . . . So there is much to be said for such an approach.").

The validity and enforceability of Plaintiff's $262,000.00 mortgage loan is directly at issue in this case.  Plaintiff seeks, among other forms of relief,[2] a judgment "[d]eclaring that Defendants lack any interest in the subject property which would prevent them to foreclose,

---

[2] Plaintiff also seeks damages "over $100,000 but not more than $2,000,000."  See Ex. 1 (Pl.'s Compl.), at 20.

evict, or attempt to foreclose or evict, the trust deed and/or to sell the subject properties." See Ex. 1 (Pl.'s Compl.), at 19.  Because Plaintiff challenges the validity of Wells Fargo's security interest in the Property and its ability to enforce the mortgage's power of sale provisions, the amount in controversy easily exceeds the $75,000 threshold for jurisdiction.

      *2.*    *The Parties Are Citizens Of Different States.*

      The parties are completely diverse.  Based upon his Complaint, Plaintiff is domiciled in Massachusetts.  See Ex. 1 (Pl.'s Compl.), ¶ 2.  Meanwhile, for diversity purposes, a national bank's citizenship is based on the location of its principal office listed in its articles of organization.  See 28 U.S.C. § 1348 (stating that "national banking associations" are "deemed citizens of the States in which they are respectively located"); Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318-19 (2006) (holding national bank located for the purposes of diversity jurisdiction in the state of its principal offices listed in the articles of organization).  Wells Fargo is a national bank with a designated main office in South Dakota, meaning that it is domiciled in South Dakota.  See McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 212 (1st Cir. 2012) ("Wells Fargo is a citizen of South Dakota for diversity purposes.").

      While Plaintiff names The Bank of New York Mellon as Trustee for Securitized Trust World Savings Bank Mortgage Pass-Through Certificates REMIC 15 Trust ("BONY") as a defendant, it does not appear that BONY has been served with any process.  See, e.g., 28 U.S.C. § 1441(b)(2) (in-forum defendant can defeat diversity of citizenship when "properly joined and served").  Even if BONY was properly served, it is a national bank with a designated main office in California, meaning that it is domiciled in California, and therefore diverse.  See OCC, National Banks Active as of 3/31/2017 (last visited Apr. 21, 2017), available at https://www.occ.treas.gov/topics/licensing/national-banks-fed-savings-assoc-lists/national-by-

name-pdf.pdf.  Moreover, BONY is named improperly as a defendant because it has no known interest in the Property or any relationship to Plaintiff's loan.  Plaintiff's mortgage confirms that only Wells Fargo (through its predecessor, World Savings Bank, FSB) was the original mortgagee at the time of origination.  See, e.g., Ex. 1 (Pl.'s Compl.), at Ex. B (identifying "World Savings Bank, FSB" and "its successor" as mortgagee).  The Suffolk County Registry of Deeds has no record of any mortgage assignment to BONY or any other party.[3]  The registry confirms that, as of this date, Wells Fargo remains the mortgagee of record.  Because BONY is not a proper defendant, it should be ignored for diversity purposes.  See, e.g., Carey v. Bd. of Governors of Kernwood Country Club, 337 F. Supp. 2d 339, 341-42 (D. Mass. 2004).

Finally, the citizenship of fictitious defendants named "Does 1 Through 100 Inclusive" is ignored for jurisdictional purposes.  See 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removal on the basis of [diversity] jurisdiction … the citizenship of defendants sued under fictitious names shall be disregarded."); see also Universal Commc'n Sys. v. Lycos, Inc., 478 F.3d 413, 426 n.10 (1st Cir. 2007) ("The presence of John Does does not destroy diversity jurisdiction in cases removed to federal court." (citing 28 U.S.C. § 1441(b))).  Accordingly, complete diversity exists under 28 U.S.C. § 1332.

IV.    Conclusion.

WHEREFORE, Wells Fargo respectfully requests that the Court assume jurisdiction over this matter and that no further proceedings be held in the Massachusetts Superior Court, Suffolk County.  In the event that any question arises as to the proprietary of removal, Wells Fargo requests the opportunity to submit further briefs and be heard at oral argument.

---

[3] When analyzing its own subject matter jurisdiction, the Court may consider materials extrinsic to the pleadings. See, e.g., Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001).

Respectfully submitted,
Wells Fargo Bank, N.A.
by its attorneys,

*/s/ Sean R. Higgins*
Sean R. Higgins (BBO# 659105)
sean.higgins@klgates.com
Y. Frank Ren (BBO# 690440)
frank.ren@klgates.com
K&L Gates LLP
State Street Financial Center
Boston, MA 02111
Tel: (617) 261-3100
Dated:  April 26, 2017                    Fax: (617) 261-3175

### CERTIFICATE OF SERVICE

I, Sean R. Higgins, certify that on April 26, 2017, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via first class mail, postage prepaid, to those indicated as non-registered participants.

*/s/ Sean R. Higgins*
Sean R. Higgins